**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA,**

     **Plaintiff,**

**v.**                                                                          **Case No.:  8:25-cv-2343-JLB-AAS**

**Undetermined quantities of**
**unauthorized electronic nicotine delivery**
**system ("ENDS") products, not**
**including products with 0% nicotine,**
**labeled as:**

**Raz in various flavors excluding any**
**ENDS product with a sole**
**characterizing flavor of tobacco;**

**Geek Bar in various flavors excluding**
**any ENDS product with a sole**
**characterizing flavor of tobacco;**

**HQD in various flavors excluding any**
**ENDS product with a sole**
**characterizing flavor of tobacco; and**

**Nexa in various flavors excluding any**
**ENDS product with a sole**
**characterizing flavor of tobacco,**

**located at Tampa Vapor, 1515 South**
**Dale Mabry Highway, Suite 103,**
**Tampa, Florida**

     **Defendants.**
**_____/**

1

## <u>REPORT AND RECOMMENDATION</u>

The United States moves for entry of a default judgment of condemnation, forfeiture, and destruction against undetermined quantities of unauthorized electronic nicotine delivery system (ENDS) products identified in the above caption (collectively, the Defendant Products). (Doc. 16).

On March 4, 2026, the United States moved for a Clerk's Default and established that all known potential claimants were provided notice of this action in accordance with Rule G(4)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, and the United States complied with Rule G(4) by publishing notice of this forfeiture action at www.forfeiture.gov. (Doc. 12). No claim was filed for the Defendant Products or an answer to the Verified Complaint, and the time for filing a claim or answer has expired. On March 5, 2026, the Clerk entered default against the Defendant Products. (Doc. 15).

As stated in the United States' Verified Complaint for Forfeiture In Rem, the Defendant Products are tobacco products within the meaning of the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 321(rr), that are both adulterated under 21 U.S.C. § 387b(6)(A) and misbranded under 21 U.S.C. § 387c(a)(6). (Doc. 1). As such, they are subject to condemnation and forfeiture

to the United States pursuant to 21 U.S.C. § 334(a)(2)(E).

Accordingly, it is **RECOMMENDED** that the United States' motion for a default judgment (Doc. 16) be **GRANTED**. Under 21 U.S.C. § 334(a)(2)(E), Rule 55(b)(2) of the Federal Rules of Civil Procedure, and Local Rule 1.10(c), M.D. Fla., the Defendant Products be **CONDEMNED** and **FORFEITED** to the United States. The government be directed to destroy the Defendant Articles pursuant to 21 U.S.C. § 334(d) and thereafter file notice with this Court. Destruction shall be in a manner that complies with all applicable federal and state laws. The Clerk be directed to enter judgment in favor of the United States and against the Defendant Products.

**ENTERED** in Tampa, Florida, on April 21, 2026.

_Amanda Arnold Sansone_
AMANDA ARNOLD SANSONE
United States Magistrate Judge

### NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file

written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely under 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.